UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

DARREN M. JACKSON,                                        Civil No. 07-3316 DWF/AJB

        Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,

        Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, and Plaintiff's subsequent Motion for Partial Summary Judgment. [Docket No. 38].[1] Plaintiff Mr. Darren Jackson is presently a prisoner at the Englewood Federal Prison Camp in Littleton, Colorado, though the claims arose out of events occurring while he was incarcerated at the Federal Correctional Institution (FCI) in Waseca, Minnesota. [Docket No. 31].[2] He brings this *pro se* complaint against the United States under the Federal Tort Claims Act (FTCA). Mr. Jackson alleges that the Bureau of Prisons' (BOP) negligence resulted in an injury sustained when a UNICOR factory sign fell onto his head

---

[1] Plaintiff did not immediately file a response to Defendant's above-referenced Motion to Dismiss, but instead moved for Partial Summary Judgment as to the liability aspect of his case. The court assumes the Plaintiff, a *pro se* litigant, opposes Defendant's Motion to Dismiss in accord with the position taken by Plaintiff in his own motion.

[2] Plaintiff commenced the action while incarcerated at the Federal Prison Camp in Leavenworth, Kansas. This case was transferred to the District of Minnesota from the District of Kansas. Plaintiff's hard copy Complaint is recorded in the court file as Docket No. 1 in accordance with the original file from the District of Kansas court. For all references below to the Complaint and Docket Nos. 1-5, see District of Minnesota clerk's electronic file, Docket No. 6.

and cut his scalp. Mr. Jackson alleges that BOP employees negligently installed the UNICOR sign. The case is assigned to U.S. District Court Judge Donovan W. Frank, and has been referred to the Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. Defendant now moves to dismiss the action, asserting that the FTCA's discretionary function exception precludes the subject matter jurisdiction of the district court, and further arguing that Plaintiff has not made out a *prima facie* case for negligence.

**I. Factual Background**

Plaintiff was incarcerated at FCI-Waseca from January 7, 2003, until August 2, 2005.[3] During that time, Mr. Jackson worked for Federal Prison Industries, Incorporated, also known as UNICOR. See Compl. p. 7, [Docket No. 1]. On June 16, 2004, while entering the UNICOR factory at FCI-Waseca, Mr. Jackson was struck on the top of the head by a UNICOR sign[4] that had been mounted to the cinder block wall above the factory door. Id. The sign cut his scalp, and seven sutures were required to close the wound. Id. at 8. Plaintiff reports pain, loss of equilibrium, and scarring as a result of this injury. Id. He seeks $10,000 in damages. Id. Mr. Jackson alleges that BOP employees negligently installed the UNICOR sign by not using enough anchor bolts to secure the sign to the wall and by improperly installing the anchor bolts. Id. at 10-11.

---

[3] Mr. Jackson is currently at Englewood Prison Camp as part of a Residential Drug Program required pursuant to his sentencing. Pl.'s Notice of Change of Address dated January 4, 2008. [Docket No. 25].

[4] The sign simply read, "UNICOR," with two factory logos in the upper left and right corners.

Mr. Jackson submitted a properly completed Tort Claim to the BOP on May 7, 2006, seeking $10,000 in damages. Id. at 3. The BOP denied his claim. Id. at 4. Plaintiff states, and the United States does not dispute, that he has exhausted his administrative remedies.

Mr. Jackson timely filed this lawsuit on May 14, 2007. [Docket No. 1]. Plaintiff's initial Complaint named the United States, the BOP and a BOP employee as defendants. Id. However, since individuals cannot be liable under the FTCA and the United States is the sole proper defendant, the court issued an Order substituting the United States as the sole defendant.[5] See Vandersteen v. Wessberg, No. 06-2251, 2007 WL 2572044, at *FN1 (D. Minn. August 31, 2007) (quoting Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir. 1996)).

**II. Discussion**

> **A. This court has subject matter jurisdiction because the discretionary function exception does not apply to the manner in which the UNICOR sign was installed in this instance.**

The Federal Tort Claims Act functions as a waiver of the sovereign immunity doctrine, allowing suits against the United States for negligence, but with due regard for certain statutory exceptions to the waiver. See Dalehite v. United States, 346 U.S. 15 (1953). Under the FTCA, an individual can sue the United States for damages

> for injury … caused by the negligent or wrongful act or omission of any [Government employee] while acting within the scope of his … employment, under circumstances where the United States, if a private person, would be liable … in accordance with the law of the place where the act or omission occurred.

---

[5] The November 14, 2007, Order granted Defendant's unopposed Motion to Substitute, removing the BOP as defendant and dismissing the BOP employee with prejudice. [Docket No. 22].

3

28 U.S.C. § 1346(b). Pursuant to § 1346(b), the district courts have exclusive jurisdiction over such civil claims against the federal government. Further, the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

Certain exceptions to the FTCA's waiver of sovereign immunity may deprive the district courts of their jurisdiction over a claim and mandate its dismissal. Defendant contends that the discretionary function exception of 28 U.S.C. § 2680(a) is applicable and bars Mr. Jackson's claim. The exception states that the FTCA's waiver of immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The Supreme Court has addressed the discretionary function exception in several key decisions, though its construction of the exception has varied over time. United States v. Varig Airlines, 467 U.S. 797, 811 (1984) (acknowledging "the Court's reading of the [discretionary function exception] admittedly has not followed a straight line"). Nonetheless, United States v.Gaubert provides a concise guideline for courts in determining whether government conduct is actionable under the FTCA. 499 U.S. 315, 322-23 (1991). First, the court must inquire whether the alleged governmental act or omission "involves an element of judgment or choice." Id. at 322 (citing Berkovitz v. United States, 486 U.S. 531, 536 (1988)). The plain language of § 2680(a) demands this query; conduct cannot be discretionary unless judgment or choice are involved.

4

Discretionary acts can include policy-making or planning functions, as well as day-to-day management or operational functions. See Gaubert, 499 U.S. at 325. It is the nature of the conduct and not the status of the actor that is relevant to the inquiry, as subordinates acting under official direction may use discretion in the execution of delegated tasks. Id. at 322 (citing Varig Airlines, 467 U.S. at 813). Therefore, regardless of the rank of the employee, the act or omission complained of must have involved judgment or choice on the part of the actor.

The second step of the analysis under Gaubert is to determine whether the discretionary decision was based upon considerations of public policy. 499 U.S. at 323 (citing Berkovitz, 486 U.S. at 537). The purpose of the discretionary function exception is to prevent judicial second-guessing via tort lawsuits of legislative or administrative decisions which are grounded in public policy concerns. Id. (citing Varig Airlines, 467 U.S. at 814). If the complained-of conduct is done in furtherance of a public policy goal, that conduct satisfies the second element of the discretionary function exception and would be protected under the FTCA. This again focuses the analysis on the nature of the actions taken by a public employee; i.e. the employee may be acting within the scope of her employment, but if the act is not based on the purpose an instruction or guideline sets out to accomplish, it is not within the discretionary function exception. See id. at 325, n.7.

The conduct at issue in this case is the installation of a UNICOR sign above a doorway at FCI-Waseca. Associate Warden Debby Suates, as part of her duty to manage the operations of the UNICOR factory at FCI-Waseca, requested the installation of a sign above the factory's main entrance. Ms. Suates reports several reasons for doing so,

5

including reducing inmate idleness, and promoting inmate accountability and safety. Suates Decl., para. 4, [Docket No. 33].  No regulation mandated the UNICOR sign's installation; it was a discretionary decision made by the Associate Warden, based on policy-related goals.

If Mr. Jackson was merely complaining about the fact of the sign's installation, the court's analysis would perhaps stop here.  The court allows that the decision to install the UNICOR sign in this case could arguably qualify as protected conduct under the discretionary function exception to the FTCA.  Mr. Jackson, however, is concerned with the manner in which the sign was installed, not the location or its general appearance. Ms. Suates delegated the UNICOR sign's installation to another federal employee, and Mr. Jackson is alleging that this employee was negligent in the execution of his job. Defendant maintains that Ms. Suates' delegation of the task impliedly accorded discretion to the employee and cites Brown v. United States, No. CV 00-0529, 2001 WL 477250 (E.D.N.Y. March 19, 2001), in support.  In Brown, a prison inmate cut his hand on an exposed bolt on a basketball hoop and brought a negligence claim.  The district court dismissed the complaint pursuant to the discretionary function exception because the prison employees had to balance physical and psychological benefits of inmates playing basketball against the security risks involved in potential misuse of the hoop and backboard.

The court first notes that Brown is not controlling precedent as to the claim in this case.  Moreover, in this instance the court finds it appropriate to take the analysis one step further than the Brown Court and examine the purpose behind decisions made in the UNICOR sign's installation.  In installing a UNICOR sign, the maintenance employee at

6

FCI-Waseca would not need to consider how many anchor bolts would best prevent inmate idleness or promote inmate accountability. The employee's use of discretion, while within the scope of his employment, fails the second prong of the analysis because it is not related to Ms. Suates' purposes in ordering the sign installed. Further, Ms. Suates' exercise of discretion as to the content or placement of the sign has no bearing on decisions about its installation. The official discretion protected by the discretionary function exception was exercised in whether, and not how, to install a UNICOR sign. A federal employee's decision as to how to perform or complete a maintenance or construction project, when the methodology-decision itself is not dictated by policy, is not protected by the discretionary function exception. See Gaubert, 499 U.S. at 325, n.7.

The court does not suggest that federal employees may never have discretion in executing their jobs; rather, the court recognizes the importance of the discretionary function exception to the efficient operations of government. It does not apply, however, to Mr. Jackson's claim.

> **B. The United States is not entitled to summary judgment as a matter of law because Mr. Jackson has alleged all the necessary elements of negligence, and there is an outstanding genuine issue of material fact.**

The United States has also moved for summary judgment because they maintain that the government owed Mr. Jackson no specific or "precise" duty of care. Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered if … there is no genuine issue as to any material fact and … the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Rose-Maston v. NME Hosp., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998). A material fact is one that may affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).  At the summary judgment stage, the judge's function is to determine only whether there is a genuine issue for trial, not to weigh the evidence and find the truth of the matter.  Id. at 249.

**Duty of Care.**  The government concedes that a duty of care exists under 18 U.S.C.A. § 4042(a)(2), which states that the BOP shall "provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses … against the United States."  The court finds that the federal statute, which holds the BOP to a reasonable standard of care for prisoners in their custody, is the relevant duty of care in this matter.

Yet the government also argues that § 4042(a)(2) does not outline the nature of the duty with sufficient specificity, and therefore the duty of care is based on Minnesota law, pursuant to 28 U.S.C §1346(b)(1) and § 2674.  As to this point, the court finds the Defendant's reasoning misplaced and erroneous.  §1346(b)(1), in similar language as that found in § 2674, grants the district courts jurisdiction over civil actions on claims of negligence against the United States, where the United States, if a private person, would be liable in accordance with the law of the place where the alleged negligence occurred.  Therefore, if the United States were a private person, it would be held to the duty of care for individuals in Minnesota, where a landowner owes people on her premises a general duty of care, and must exercise reasonable care in the protection of people on her property.  See Peterson v. Balach, 199 N.W.2d 639, 647 (Minn. 1972) (stating the "principle issue" is whether the owner acted "as a reasonable person in view of the probability of injury to persons" on the property).  The defense proceeds to argue that the falling sign was not reasonably foreseeable and that the BOP lacked actual or

8

constructive notice of the hazard posed by the sign, thus excusing the BOP from its duty of care. This contention fails to consider that the UNICOR sign allegedly was negligently installed by a BOP employee, thereby giving the government knowledge of the hazard the sign presented. Further, it is important to note Mr. Jackson's status as a *pro se* litigant, which entitles him to a greater degree of flexibility in pleading. See Vandersteen, No. 06-2251, 2007 WL 2572044, at *3 (D. Minn. August 31, 2007). Therefore, even under Minnesota law, this court finds that as a matter of law the United States owed Mr. Jackson a duty of care to provide safe quarters during his confinement at FCI-Waseca and summary judgment should be denied based on this point.

**Material Fact Issue.** The government further argues that summary judgment is warranted because there are no genuine issues of material fact in the case. The court, however, finds several issues that remain for a fact-finder and that render summary judgment for the government inappropriate at this time. Of the four elements of negligence—duty, breach, causation, and damages—two remain unexamined. The court has determined that summary judgment is not warranted as to duty of care. Further, the court finds that damages are adequately pled, but breach of duty and causation are outstanding issues of material fact.

This matter turns around the question of whether the UNICOR sign that fell on Mr. Jackson's head was properly installed. This fact is material because it affects the outcome of the litigation and it goes towards the breach and causation aspects of negligence. If the party with the burden of proof on an element essential to its case at trial opposes a summary judgment motion, that party must make a showing sufficient to establish the existence of that element. Celotex Corp. v. Catrett, 477 U.S. 317, 322

9

(1986). A complete failure of proof concerning that element would merit a grant of summary judgment for the movant. Id.

To support his claim, Mr. Jackson submits photographs of the UNICOR sign, the doorway, and his scalp injury as evidence. See App. for Pl., [Docket No. 2]. Plaintiff has not completely failed to present evidence that the sign was improperly installed, and this is sufficient to establish a *prima facie* case as to the remaining elements of negligence. Therefore, in consideration of Mr. Jackson's *pro se* status, and mindful of the court's role in summary judgment proceedings, the court finds the method of installation for the UNICOR sign to present genuine issues of material fact which are properly resolved by a fact-finder.

> **C. Mr. Jackson is not entitled to summary judgment because the *res ipsa loquitur* doctrine does not apply to this matter and the aforementioned issues of material fact as to the UNICOR sign's installation remain.**

Following the Defendant's Motion to Dismiss, Mr. Jackson filed his own Motion for Partial Summary Judgment as to liability. Plaintiff asserts that the common law doctrine of *res ipsa loquitur* applies to his claim, maintaining that the mere fact of the sign's falling on his head raises an inference so as to establish a *prima facie* case for negligence. Under Minnesota law, in order to apply *res ipsa loquitur* a plaintiff must show the injury complained of is not one which normally occurs in the absence of negligence; that the thing causing the injury was in the exclusive control of the defendant; and that the injury was not due to plaintiff's conduct. See Mattke v. Deschamps, 347 F.3d 667, 670 (8th Cir. 2004); Hoven v. Rice Mem'l Hosp., 396 N.W.2d 569, 572 (Minn. 1986).

*Res ipsa loquitur* can create an inference of a breach of an applicable duty of care for a fact-finder to consider.  At the summary judgment stage of litigation, however, the *res ipsa loquitur* doctrine is not appropriate.  Further, as discussed above, the court has found an existing duty of care on the part of the BOP, rendering further exploration of the relevance of *res ipsa loquitur* unnecessary at this time.

The court reiterates that a genuine issue of material fact remains as to the manner in which the UNICOR sign was installed.  Under the circumstances, the Plaintiff's Motion for Partial Summary Judgment should be denied.

### III.  Conclusion

For the foregoing reasons, and based upon the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [Docket No. 31] be **DENIED** and that Plaintiff's Motion for Partial Summary Judgment [Docket No. 38] be **DENIED**.

Date:   August 19, 2008

_s/Arthur J. Boylan_____
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 5, 2008.